IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 20-cv-05276-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT WITH LEAVE TO AMEND; VACATING HEARING** |

Before the Court is defendant United States of America's ("United States") Motion to Dismiss, filed August 7, 2020. Plaintiff Teresa Edwards ("Edwards") has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for October 2, 2020, and hereby rules as follows.

**BACKGROUND**

On June 26, 2020, Edwards initiated the above-titled action by filing pro se in state court a "Request for Civil Harassment Restraining Order[ ]," pursuant to California Code of Civil Procedure section 527.6 (see Compl. (Doc. 1-1 at 14-19)),[2] naming as the defendant Sunil Chanan, whom Edwards alleges was her supervisor when she was employed by the United States Postal Service ("USPS"). The Court construes the Request as Edward's complaint. See Nakamura v. Parker, 156 Cal. App. 4th 327, 335

---

[1] Under the Local Rules of this District, Edwards' opposition was due no later than August 21, 2020. See Civil L.R. 7-3(a) (providing "opposition must be filed and served not more than 14 days after the motion was filed").

[2] The Complaint is included in Exhibit A to the Notice of Removal.

1  (2007) (noting "harassment petition under . . . section 527.6 [is] itself essentially a cause
2  of action") (internal quotation and citation omitted).  In her complaint, Edwards alleges the
3  USPS "embezzled [her] postal funds and grievance settlement checks using unknown
4  stalkers in the community" (see Complaint Ex. A (Doc. 1-1 at 14)) and that her supervisor
5  engaged in "racial discrimination" (see Compl. (Doc 1-1 at 15)).

   On July 31, 2020, the United States removed the above-titled action to this district.
In its motion to dismiss, the United States argues Edwards has not alleged she submitted
a claim to the USPS prior to filing her complaint and, in the alternative, that Edwards fails
to state a cognizable claim for relief.

**A.  Tort Claims:  Claim Presentation**

To the extent Edwards alleges tort claims, such as embezzlement, the Court finds the complaint is subject to dismissal for failure to allege Edwards presented a claim to the USPS prior to filing her complaint.

The Federal Tort Claims Act ("FTCA") provides the "exclusive" remedy where a plaintiff alleges a tort claim against an employee of the United States who is acting within the scope of his employment.  See 28 U.S.C. § 2679(b)(1).[3]  A plaintiff may not file a claim under the FTCA unless the plaintiff has "first presented the claim to the appropriate Federal agency" and the claim has been "finally denied by the agency in writing."  See 28 U.S.C. § 2675(a).  Here, as the government points out, Edwards does not allege in her complaint that she presented a claim to the USPS prior to filing the complaint.

Accordingly, Edwards' tort claims are subject to dismissal, with leave to amend to allege, if she can do so, that she presented a claim to the USPS and the claim was denied.  See Brady v. United States, 211 F.3d 499, 502-03 (9th Cir. 2000) (holding

---

[3] The Attorney General has certified that Sunil Chanan "was acting within the scope of his employment at all times material to [the] alleged incidents."  (See Certification, filed July 31, 2020.)  As Edwards has not offered evidence to the contrary, the "Attorney General's decision regarding scope of employment certification is conclusive."  See Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993) (holding party seeking to challenge certification "bears the burden of presenting evidence and disproving the Attorney General's decision to grant . . . scope of employment certification").

1  district court properly dismissed FTCA claims where plaintiff had not presented claim to
2  federal agency prior to filing suit).

3  **B.  Title VII:  Exhaustion of Administrative Remedies**

4  To the extent Edwards alleges employment discrimination claims, the Court finds
5  the complaint is subject to dismissal for failure to allege Edwards exhausted her
6  administrative remedies.

7  Title VII "provides the exclusive judicial remedy for claims of discrimination in
8  federal employment," see Brown v. General Services Admin., 425 U.S. 820, 835 (1976),
9  and "specifically requires a federal employee to exhaust his administrative remedies as a
10 precondition to filing suit," see Vinieratos v. United States, 939 F.2d 762, 767-68 (9th Cir.
11 1991).  In particular, the employee must file a "complaint . . . with the agency that
12 allegedly discriminated against [said] complainant," see 29 C.F.R. § 1614.106(a), after
13 which the agency is required to conduct an "investigation of the complaint within 180
14 days of the filing of the complaint," see 29 C.F.R. § 1614.106(e)(2).  The employee may
15 file suit "[w]ithin 90 days of receipt of final action taken" by the agency or "after one
16 hundred and eighty days from the filing of the initial charge" with the agency.  See 42
17 U.S.C. § 2000e-16(c).  Where the employee files a discrimination claim before
18 completion of the administrative process, the claim is subject to dismissal.  See Wrighten
19 v. Metropolitan Hospitals, Inc., 726 F.2d 1346, 1351 (9th Cir. 1984) (holding "[p]remature
20 suits [under Title VII] are always subject to a motion to dismiss").

21 Here, Edwards does not allege she exhausted her administrative remedies prior to
22 filing her complaint.  Accordingly, her employment discrimination claims are subject to
23 dismissal, with leave to amend to allege, if she can do so, that she has exhausted her
24 administrative remedies.

25 **C.  All Claims:  Failure to Plead Sufficient Facts**

26 Edwards' claims are alternatively subject to dismissal for failure to allege sufficient
27 facts to state a cognizable claim for relief.

28 "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 668 (2009).  Here, as the United States points out, the complaint cannot survive the instant motion to dismiss, as Edwards fails to allege sufficient facts to support the conclusory assertions made therein, including but not limited to her allegation that the USPS "embezzled" funds from her and that her supervisor engaged in "racial discrimination."  (See Compl. (Doc. 1-1 at 14-15).)

Accordingly, the complaint is subject to dismissal, with leave to amend to allege sufficient facts to support any conclusory assertions.

## CONCLUSION

For the reasons stated, the United States' motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED with leave to amend.

If Edwards wishes to file an amended complaint, she shall file such pleading no later than September 18, 2020.

**IT IS SO ORDERED.**

Dated: September 2, 2020

MAXINE M. CHESNEY
United States District Judge